## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Lumbermens Mutual Casualty Co.

v.

United Services
Automobile Assoc. et al.

April 26, 1994

### BY JUDGE WILLIAM N. ALEXANDER, II

This is an action for declaratory judgment in which plaintiff insurance company (Lumbermens) asks the court to determine that Chris Wilson was operating a motor vehicle owned by Suzanne Fuller with her permission on December 20, 1991, when he caused an accident.

Virginia Code § 38.2–2204, the Omnibus Clause statute, requires that an automobile insurance policy insure "the named insured, and any other person using the motor vehicle . . . with the expressed or implied consent of the named insured . . . ." The burden of proof is upon Lumbermens to prove by a preponderance of the evidence that Chris Wilson was operating Suzanne Fuller's vehicle with her express or implied consent. *Liberty Mutual Ins. Co. v. Venable*, 194 Va. 357, 73 S.E.2d 863 (1952). Implied permission may arise by a course of conduct between the parties. *Hartford Accident and Indemnity Company v. Peach*, 193 Va. 260, 168 S.E.2d 520 (1952).

Fuller is handicapped, both in speech and hearing, with her hearing being totally impaired. She purchased a car from her boyfriend, Leonardo Adkins, left the car at his father's house in Danville in Leonardo's custody, and wanted the car used for her benefit either in having someone teach her to drive or in having someone use the car to run errands for her or her children. Leonardo did not drive the car because his license had been suspended but kept the keys to the car in his possession at all times except when he allowed someone to drive the car. While Suzanne had not expressly told Leonardo that he was not to permit anyone to operate the car except for her benefit, it is clear that

they both understood that his use of the car was limited. Two persons had operated Fuller's vehicle with her permission, Leonardo's father and Chris Wilson, a friend of both Leonardo and Suzanne. Chris only used the car on errands that benefited Suzanne. When Chris used the car, it was while she was in the car or while he was taking Leonardo to Martinsville to see her. While the evidence is conflicting, Mr. Adkins had used the car for Suzanne's purposes as well.

Leonardo, the car's custodian, on all occasions had allowed the car to be used only for Suzanne's benefit. While a course of conduct between Leonardo and Suzanne could indicate that Leonardo had general permission to allow anyone to drive the car for any purpose, this was not the case. Likewise, the course of conduct between Suzanne and Chris Wilson certainly did not establish that he had her blanket consent to operate the car.

On the day of the accident, Chris Wilson was operating the car. Leonardo had come to get him to take him and two friends to the store. It was not at the request of Suzanne, was without her knowledge, and was to benefit her in no way. This was the first time Leonardo had allowed the car to be used solely for his own benefit. This was the first time Chris had operated this vehicle for any purpose other than one designed to help Suzanne Fuller in some way.

Unquestionably, Chris had Leonardo's permission to drive the car at the time of the accident. Suzanne had neither given Chris permission to drive the car nor told Leonardo that Chris could drive the car. Neither had told Suzanne that the car would be used, and she found out about the car's use only after the accident.

Since Chris Wilson did not have actual or implied permission to use Suzanne's car, no coverage is afforded Suzanne by United Services Automobile Association.